IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-00300-FL

| | | |
|---|---|---|
| CALVIN TYRONE NORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WHITEVILLE, a Municipality; WHITEVILLE POLICE DEPARTMENT, a department under the Municipality of the City of Whiteville; TRACEY CARTER, Police Officer of Whiteville Police Department sued in her official and individual capacity; STEPHEN aka STEVEN STRICKLAND, Police Officer of Whiteville Police Department sued in his official and individual capacity; JEFFERY ROSIER, Chief of Police at Whiteville Police Department sued in his official and individual capacity; AUNDRE' JACKSON, Lieutenant at Whiteville Police Department sued in his official and individual capacity; and BOBBY DEAN KEMP, JR., sued in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to set aside final order of judgment pursuant to Fed R. Civ. P. 60(b), which the court construes to include a motion to extend the time to file a notice of appeal and motion to reopen the appeal. (DE 45). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, this court denies plaintiff's motion.

**BACKGROUND**

On August 17, 2016, plaintiff filed this action, pro se, against defendants, alleging that defendants officer Stephen Strickland, officer Tracey Carter, and Bobby Dean Kemp Jr. violated plaintiff's rights and trespassed on his land when officer Strickland pulled over Bobby Dean Kemp Jr. in a traffic stop and arrested him, leaving behind Kemp's vehicle on plaintiff's property for 5 hours. (DE 1).

The court issued an order on March 7, 2017 granting certain defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (DE 37). Final judgment was entered on March 7, 2017, dismissing the case. (DE 38). On April 7, 2017, plaintiff filed a notice of appeal. (DE 40). On June 26, 2017, the United States Court of Appeals for the Fourth Circuit issued an unpublished opinion citing Fed. R. App. P. 4(a)(l) and dismissing plaintiff's appeal. (DE 43); see Fed. R. App. P. 4(a)(l) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from"). On July 5, 2017, plaintiff filed the current motion in what appears to be an attempt, at least in part, to correct the untimely filing of his notice of appeal. This matter was reassigned to the undersigned district judge on July 28, 2017.

**DISCUSSION**

The court construes plaintiff's motion to include a motion 1) to extend the time to file an appeal; 2) to reopen the time to file an appeal; or 3) to set aside final order of judgment.

The court first turns to plaintiff's motion to extend the time to file an appeal. Fed. R. App. P. 4(a)(5) allows the district court to extend the time to file a notice of appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless

2

of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(l) allows 30 days following the entry of an order to file a notice of appeal.

Plaintiff seeks to extend the time to file a notice of appeal approximately 120 days after the court issued its order and final judgment dismissing plaintiff's case. Pursuant to Fed. R. App. P. 4(a)(5)(i), plaintiff's time to file a motion to extend the time to file a notice of appeal expired 60 days prior to the filing of this motion. Therefore, the motion is not timely and is DENIED on that basis.

Next, plaintiff has filed a motion to reopen the time to file an appeal. Fed. R. App. P. 4(a)(6) allows the district court to reopen the time to file an appeal. The time to file an appeal may only be reopened if: "(A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Id.

Plaintiff does not deny receipt of the order and final judgment dismissing this case with prejudice as required by Fed. R. App. P. 4(a)(6). Plaintiff asserts instead that because of his inexperience practicing before federal courts, his untimely filing was due to "professional incompetence." (DE 45 at 4-5). Because plaintiff received proper and timely notice of the order and judgment of the court, plaintiff's motion is DENIED.

Finally, plaintiff has filed a motion to set aside final order of judgment. Fed. R. Civ. P. 60(b) allows the court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

An asserted change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b). Dowell v. State Farm Fire & Casualty Auto. Inc. Co., 993 F.2d 46, 48 (4th Cir. 1993).

Plaintiff contends that the ruling of the North Carolina Court of Appeals in State v. Huddy, 799 S.E.2d 650 (N.C. App. 2017) undermines the order of the court dismissing plaintiff's claims.[1] This is an insufficient basis upon which to grant a motion to set aside final order of judgment. Therefore, plaintiff's motion is DENIED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to set aside final order of judgment, motion to extend the time to file a notice of appeal, or motion to reopen the appeal (DE 45) is DENIED.

SO ORDERED, this the 29th day of September, 2017.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Plaintiff does not explain sufficiently the applicability of Huddy to the facts and issues presented in the instant case. In Huddy, the Court of Appeals of North Carolina reversed the trial court's denial of Huddy's motion to suppress evidence obtained after a law enforcement officer searched the curtilage of Huddy's home without a warrant in violation of the Fourth Amendment. State v. Huddy, 799 S.E.2d 650, 652 (N.C. Ct. App. 2017).