IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-300-FL

| | |
|---|---|
| CALVIN TYRONE NORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON BILL OF COSTS** |
| ) | |
| CITY OF WHITEVILLE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the clerk on the motion for costs [DE-51] filed by defendants the City of Whiteville, Whiteville Police Department, Tracey Carter, Stephen Strickland, Jeffrey Rosier, and Aundre' Jackson. The time for responding has passed, and plaintiff has failed to file any response. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

On March 7, 2017, the court granted defendants' motion to dismiss and entered judgment that day [DE-38]. Defendants did not file a motion for bill of costs. Plaintiff filed a notice of appeal [DE-40]. On June 26, 2017, the Fourth Circuit Court of Appeals dismissed the appeal as untimely. Plaintiff thereafter filed a motion to set aside final order or judgment [DE-45], which was denied by the court on September 29, 2017 [DE-50]. Defendants then filed the motion for costs [DE-51] on October 11, 2017, seeking taxation of costs they incurred prior to judgment being entered in this case.

## DISCUSSION

Defendants seek costs under Rule 54(d)(1) as the prevailing parties in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise,

costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

Local Civil Rule 54.1(a) provides: "All applications for costs must be made 14 days after the entry of judgment." Judgment was entered in this case on March 17, 2017. Defendants' motion for costs was not filed until October 11, 2017, and is therefore untimely under Local Civil Rule 54.1(a).

Accordingly, the defendants' motion for costs [DE-51] is DENIED.

SO ORDERED. This the 30 day of May, 2018.

Peter A. Moore, Jr.
Clerk of Court

2